Matter of Keinan (2022 NY Slip Op 00942)





Matter of Keinan


2022 NY Slip Op 00942


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Troy K. Webber
Angela M. Mazzarelli
Peter H. Moulton
Manuel J. Mendez, JJ.


Motion No. 2021-04166 Case No. 2020-04139 

[*1]In the Matter of Yoram Keinan, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Yoram Keinan, (OCA Atty. Reg. No. 4606216.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 30, 2008.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, Esq., of counsel), for petitioner.
Hal R. Lieberman, Esq., for respondent.



Per Curiam 


Respondent Yoram Keinan was admitted to the practice of law in the State of New York by the First Judicial Department on June 30, 2008. At all times relevant to this proceeding, respondent maintained a law office within the First Department.
The Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5)(i) provides that, at any time after the Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion.
By joint motion, the Attorney Grievance Committee (AGC) and respondent ask this Court, pursuant to the framework outlined above, to suspend respondent from the practice of law for a period of one year. The motion is supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and agreed upon discipline. The motion is further accompanied by respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he states he has freely and voluntarily given, and his representation that he is fully aware of the consequences of such consent. Thus, the parties' motion satisfies all of the requirements of 22 NYCRR § 1240.8(a)(5).
The stipulation of facts recites that in October 2016, respondent, who is a transactional attorney largely focused on tax law, joined a law firm (Firm) as a nonequity "contract" partner, a position he held until November 9, 2018. He was paid an annual salary, with the understanding that he could earn bonuses based on hours worked and client origination. Respondent was not to receive any compensation for Firm work directly from the Firm's clients. At some point, respondent became personally acquainted with a particular family consisting of three brothers and their mother. At respondent's suggestion, the family retained the Firm in connection with a late relative's estate, which held real property to which the ownership was disputed. Respondent was credited as the originating attorney for the matter.
As respondent was neither an estate attorney, nor a litigator, the work on the family's case was handled mostly by other Firm attorneys but, due to their personal acquaintance, the family utilized respondent as a conduit between them and those Firm attorneys working on their case. Respondent also performed other work for the family, both through [*2]the Firm and independent of it. Respondent was designated by the Firm as the billing partner for the case, meaning that he was tasked with having the Firm's bills forwarded to the family for payment to the Firm, and they made such payments directly to the Firm on a regular basis.
In or about March 2018, respondent was informed by a Firm partner that his contract would not be renewed. In or about April 2018, respondent received two checks from a member of the family, which totaled $9,405 and were made payable to respondent instead of the Firm.[FN1] Respondent deposited the checks into his personal account and later used the funds for his own personal and business purposes without permission or authority from the Firm. Between May and October 2018, respondent received four additional checks from the family, which totaled $47,389, which were made payable to him instead of the Firm. Respondent also deposited these checks into his personal account and used the funds for his own personal and business purposes without permission or authority.
The Firm discovered respondent's conduct prior to his November 9, 2018 departure and he swiftly made full restitution to the Firm, making a partial payment on November 8, 2018, and paying the remaining amount on December 8, 2018 (after the Firm requested an additional payment on November 27, 2018). On or about December 18, 2018, the Firm filed a disciplinary complaint against respondent. On or about March 29, 2019, respondent submitted an answer to the complaint in which he admitted some of the allegations, denied others, and offered the following explanation for his actions: "he [respondent] believed that he was allowed temporarily to maintain the funds because of a dispute with his Firm partners who misled him [regarding the amount of work he would receive from the Firm] and he knew that his departure from the Firm was imminent." Respondent stipulated that, by this statement, he falsely implied that he had maintained the fee payments given directly to him by the family intact in an account based on a legitimate "dispute" with the Firm.
Respondent admits that his actions, as set forth above, violated the three charges alleged in the petition of charges. Specifically, respondent conceded that, by keeping the legal fees paid to him by the family instead of forwarding them to the Firm, and by using those fees to pay for his own personal and business expenses without permission or authority from the Firm to do so, he engaged in "conduct involving dishonesty, fraud, deceit, or misrepresentation" in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0). Respondent additionally admitted that, by making a false representation to the AGC in his answer to the Firm's complaint implying that he had maintained intact the Firm fees given to him directly by the family as part of his purported "dispute" with the Firm, when he had in fact spent those funds on his own personal and business expenses without permission [*3]or authority from the Firm to do so, he engaged in "conduct involving dishonesty, fraud, deceit, or misrepresentation" in violation of rule 8.4(c). Finally, respondent stipulated that, by committing all the misconduct above, he engaged in "conduct which adversely reflects on [his] fitness as a lawyer" in violation of rule 8.4(h).
The parties have stipulated that there are no factors in aggravation. In terms of mitigation, the parties represent that, at the time of his misconduct, respondent believed that he had some claim of right to the funds in question based on many hours of otherwise uncompensated work that he had performed for the family, and that respondent is now fully aware that his belief was not soundly based in law and that it was self-serving and wrong. Additionally, the parties state that, at the time of his misconduct, respondent was going through a contested divorce, and that this extreme stressor, combined with his being the main caretaker for his 18-year-old disabled son, who suffers from a severe form of autism as well as epilepsy and seizures, and requires round-the-clock care, clouded his judgment. At the same time, respondent was suffering from untreated depression, for which he has now been treated since February 2020. Respondent has fully repaid the Firm, which he did expeditiously, and before the Firm filed its complaint with the AGC. He has no prior disciplinary history, and he has never been the subject of a complaint. The parties note that no client was harmed as the result of respondent's misconduct and that he has offered evidence of his good reputation in the community for honesty and integrity, as evidenced by his character letters. Finally, the parties note that respondent has performed pro bono work for the University of Michigan's Low Income Taxpayer Clinic, where he helps low-income taxpayers settle cases with the IRS. He performs the same type of pro bono community service for low-income New Yorkers.
The parties agree that a one-year suspension is the appropriate sanction. Indeed, the sanction proposed by the parties is supported by case law cited by the parties (see Matter of Parise, 199 AD3d 94 [1st Dept 2021]; Matter of Byler, 274 AD2d 275 [1st Dept 2000], lv denied 95 NY2d 766 [2000]). In light of this precedent, we see no reason to disturb the sanction to which respondent, who is represented by competent counsel, has consented. We note that respondent agrees, as part of the proposed sanction, to participate in programs administered by the New York City Bar Association's Lawyer Assistance Program.
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of one year and until further order of this Court and is directed to participate in the New York City Bar Association's Lawyer Assistance Program for such duration as directed by the Program. The Committee's separately filed [*4]petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Yoram Keinan is suspended from the practice of law in the State of New York for a period of one year, effective March 14, 2022, and until further order of this Court, with respondent directed to participate in the New York City Bar Association's Lawyer Assistance Program for such duration as directed by the Program, and
It is further Ordered that the petition of charges filed by the Attorney Grievance Committee is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Yoram Keinan shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Yoram Keinan shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Yoram Keinan has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: February 10, 2022



Footnotes

Footnote 1: The AGC's petition of charges states that respondent did not ask for the checks to be made payable to him and when he asked a family member why they were, he was advised that the checks were deliberately made out to respondent for his assistance in the various matters the Firm was handling for them. Nevertheless, respondent has now conditionally admitted that by keeping these fees for his own personal and business expenses without law firm permission, he engaged in dishonest and fraudulent conduct.